UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHAD CONRAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 13 C 3780 |
| | ) |
| NUTRAMAX LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendant Nutramax Laboratories, Inc. ("Nutramax") to dismiss the putative class action brought by Plaintiff Chad Conrad ("Conrad") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion is granted in part and denied in part.

BACKGROUND

The following allegations are derived from Conrad's complaint, which the Court must accept as true at this stage of the pleadings. Nutramax is a Maryland corporation that manufactures and markets joint ailment supplements. Conrad is a resident of Chicago, Illinois. In or about January 2013, he purchased one of these supplements, CosaminDS, from a Costco store in Chicago and paid approximately

$60.00 for it. CosaminDS contains, as its primary active ingredients, chondroitin sulfate and glucosamine hydrochloride. Conrad purchased CosaminDS because of representations that he read on the packaging. These included the claims that the product "helps joints last longer," that it is "the only brand proven effective . . . to reduce joint pain[,]" and that it has been shown in laboratory tests "to protect cartilage cells from breakdown." Conrad subsequently learned of several studies that challenged the efficacy of CosaminDS.

On May 21, 2013, Conrad filed the instant putative class action on behalf of himself as well as all other similarly situated plaintiffs against Nutramax. The one count complaint alleges that Nutramax violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. Ann. 505/1 *et seq.* and the separate consumer fraud statutes of thirty-one states and the District of Columbia. The complaint seeks actual damages, injunctive relief, costs, and attorneys' fees. In addition to CosaminDS, Conrad seeks this relief with respect to representations made on the packaging of another Nutramax product, CosaminASU. On July 8, 2013, Nutramax moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.

LEGAL STANDARD

For purposes of a motion to dismiss under both Rules 12(b)(1) and 12(b)(6), the court accepts all well-pleaded allegations contained in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838,

841 (7th Cir. 2012) (Rule 12(b)(1)); *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012) (Rule 12(b)(6)). Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction over its claims. *United Phosphorous, Ltd. v. Angus Chem Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc). The court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject-matter jurisdiction. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint and not the merits of the case. *McReynolds*, 694 F.3d at 878. The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations and merely must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 678.

Allegations of fraud, however, subject a complaint to the heightened pleading standards set forth under Rule 9(b). For "all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). In other words, the complaint must allege "the who, what, when, where, and how: the first paragraph of a newspaper story." *Borsellino v. Goldman Sachs Grp.*, 477 F.3d 502, 507 (7th Cir. 2007). Not every aspect of the fraud claim must be pleaded with particularity, however, for "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

## DISCUSSION

I.  Rule 12(b)(1) Motion to Dismiss

Nutramax argues that Conrad lacks standing pursuant to Article III of the United States Constitution or the ICFA to bring a claim with respect to CosaminASU since he did not purchase it. Article III limits the jurisdiction of federal courts to claims presenting a case or controversy between the plaintiff and defendant. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). For a plaintiff to establish Article III standing, he must demonstrate: (i) an actual or imminent injury in fact which is an invasion of a protected legal interest; (ii) a causal relationship between the injury and the conduct of the defendant; and (iii) a likelihood of redressability as a result of the court's decision. *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

The ICFA provides a cause of action for "unfair or deceptive acts or practices, including, but not limited to, the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or

omission of any material fact." 815 ILCS 505/2. To state a claim under the ICFA, a plaintiff must allege that: (i) the defendant engaged in a deceptive act or unfair practice; (ii) the defendant intended that the plaintiff rely upon the deception; (iii) the deception occurred in the course of conduct involving trade or commerce; (iv) the plaintiff sustained actual damages; and (v) the defendant's deception proximately caused said damages. *Martis v. Pekin Mem. Hosp., Inc.*, 917 N.E.2d 598, 603 (Ill. App. Ct. 2009). To bring a claim under the ICFA, a plaintiff must allege either that "it was a consumer of the defendant or allege a nexus with Illinois consumers." *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2012 U.S. Dist. LEXIS 87222, at *6-7 (N.D. Ill. June 21, 2012) (citation omitted). Under the ICFA, a consumer is defined as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e).

Conrad has not purchased CosaminASU and thus has incurred no damages as a result of any representations made about that product. He avers, however, that he may represent others who have purchased it and that the question does not bear upon his standing to sue but rather upon the commonality and typicality requirements for class certification contained in Federal Rule of Civil Procedure 23. This Court does not agree with Conrad. The Court agrees with *Padilla*, a case with a strikingly similar factual pattern to the instant one, that *Payton v. Cnty. of Kane*, 308 F.3d 673 (7th Cir. 2003), the principal authority on which the Padilla plaintiff relied and which Conrad

also cites, is inapposite. In *Payton*, the plaintiffs lodged a facial constitutional challenge to an Illinois law that permitted counties to impose a bail fee above the set bail amount. *Id.* at 675. The named plaintiffs had claims against two of nineteen counties, but the Seventh Circuit permitted the named plaintiffs to sue the nineteen defendants, stating that "the constitutionality of a bond fee (whether it is $1 or $45) should not differ from one county to the next, when such fee is imposed pursuant to the same statute." *Id.* at 679-80. The Court of Appeals made it clear, however, that "a person cannot predicate standing on injury which he does not share." *Id.* at 682. CosaminASU contains additional ingredients to CosaminDS, and this Court declines to hold that they are virtually the same product. In other words, "how could [Conrad] possibly have been injured by representations made on a product he did not buy?" *See Pearson v. Target Corp.*, No. 11 CV 7972, 2012 U.S. Dist. LEXIS 187208, at *4 (N.D. Ill. Nov. 9, 2012). Hence, the ICFA claim with respect to CosaminASU is dismissed for lack of standing.

II.     Rule 12(b)(6) Motion to Dismiss

Nutramax argues that Conrad's complaint as a whole fails to state a claim upon which relief may be granted. Alternatively, Nutramax posits that the Court should deem certain statements in Nutramax's advertising not to be false and thus hold that any ICFA claims with respect to these statements fail under Rule 12(b)(6). Finally, Nutramax asks this Court to dismiss Conrad's prayer for injunctive relief.

A.  Injunctive Relief

With respect to the issue of injunctive relief, Nutramax avers that Conrad is unlikely to be harmed by any false advertising in the future since he is unlikely to buy the products of which he now complains. Conrad argues that the ICFA provides a private right of action for injunctive relief so long as the consumer has sustained damages. *See* 815 ILCS 505/10a(c) (permitting courts to grant injunctive relief "where appropriate"); *Schilke v. Wachovia Mortg., FSB*, 820 F. Supp. 2d 825, 838 n. 5 (N.D. Ill. 2011) ("well established under Illinois law that private rights of action for injunctive relief under the ICFA require damages").

In the present case, Conrad's complaint alleges that he purchased CosaminDS at a Costco for approximately $60.00 in or about January 2013. The Court must accept this allegation as true. Conrad also alleges that he would not have purchased CosaminDS but for the advertising contained on the packaging. As such, the approximately $60.00 constitutes money damages suffered by Conrad, and the ICFA as interpreted by Illinois courts grants him the right to seek injunctive relief. The Court thus denies Nutramax's request to dismiss Conrad's prayer for this remedy.

B.  Legal Sufficiency of Conrad's ICFA Claim regarding CosaminDS

Nutramax posits that Conrad has not pleaded with particularity the necessary facts to sustain a claim under the ICFA. The heightened pleading requirements of Rule 9(b) apply to ICFA claims. *Pirelli Armstrong Retiree Med. Corp. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011).

The Court examines the complaint's sufficiency as a whole. Conrad is correct that an analysis of each advertisement is not required to test the sufficiency of the single ICFA claim. Conrad cites to several studies to particularize how Nutramax's claims about CosaminDS are false. Among the findings of these studies is that glucosamine and chondroitin, either alone or in combination, did not cause improvement in patients statistically significant from patients who were given a placebo supplement. One study found that "glucosamine was not effective in preventing the worsening cartilage damage." Nutramax attacks this finding on the ground that the study only addresses glucosamine; however, glucosamine is a primary active ingredient of CosaminDS, and the impact of other ingredients is a question that requires further exploration not suited for this stage of the pleadings.

Nutramax broadly argues that these studies focused on patients with osteoarthritis; however, the Cosamin advertising does not distinguish between results for patients with or without osteoarthritis. *See Pearson*, 2012 U.S. Dist. LEXIS 187208, at *5 (rejecting defendant's argument that disclaimer on packaging justified dismissal—the identical argument that Nutramax propounds in the instant case).

As in *Pearson*, a case squarely on point with the present action, studies cited by Conrad involve the primary active ingredients in Cosamin DS—glucosamine and chondroitin. Nutramax's citation to Padilla is unpersuasive, for the plaintiff's complaint in that case lacked the detail as to how the defendant's advertising was false that the complaints in Pearson and the instant case contain. Whether or not these

studies apply to CosaminDS is a question of fact that this Court cannot now decide. Conrad's claim is facially plausible due to the findings of these studies with respect to the primary active ingredients in CosaminDS. The Court "do[es] not pause to consider what proof may be required to show that [Conrad] did not experience any of the beneficial effects represented." *See id. at \*6* (rejecting defendant's argument that plaintiff had not shown how the drug in question had failed to work for plaintiff specifically at the motion to dismiss stage).

## CONCLUSION

For the foregoing reasons, Nutramax's motion to dismiss pursuant to Rule 12(b)(1) with respect to CosaminASU is granted. Nutramax's motion to dismiss the remainder of Conrad's complaint, including his prayer for injunctive relief, is denied.

_____
Charles P. Kocoras
United States District Judge

September 18, 2013
Dated: _____